# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESH START, LP,<br><br>                Plaintiff,<br>  vs.<br><br>ISIDRO HERNANDEZ,<br><br>                Defendant. | CASE NO. 11-CV-2830 JLS (POR)<br><br>**ORDER: SUA SPONTE REMANDING CASE** |

      Plaintiff filed an unlawful detainer action against Defendant in the Superior Court of California for the County of San Diego on September 7, 2011. (*See* Notice of Removal Ex. A, ECF No. 1 (UD Compl.)) On December 5, 2011, Defendant, proceeding pro se, removed the case to this Court. (Notice of Removal 1.) Plaintiff subsequently filed an "Ex Parte Application for an Order Shortening Time on Motion to Remand and/or Request for Immediate Ruling." (ECF No. 4.)[1] For the following reasons, the Court finds that Defendant's removal of this case was improper and *sua sponte* remands the case to the Superior Court of California for the County of San Diego.

      In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal district court.

---

[1] The Court notes that no motion to remand was made.

- 1 -

28 U.S.C. §1441(a).  However, courts "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The removing party bears the burden of establishing that federal subject matter jurisdiction exists.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  The district court's subject matter jurisdiction encompasses federal question jurisdiction and diversity jurisdiction, and the Court discusses each of these in turn.

To determine whether federal question jurisdiction exists, the Court looks to the plaintiff's complaint.  *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002).  The Court does not consider the defendant's answer, defenses, or counterclaims.  *Id.* 831.  In this case, Plaintiff's underlying claim is an unlawful detainer action filed under California law.  Defendant does not contest this and argues instead that removal is proper because he seeks "judgment against Plaintiff that Defendant/Counter Plaintiffs allegedly suffered as a result of various violations under the Fair Debt Collection Practices Act."  (Notice of Removal 2.)  Although the Court finds no indication of the existence of any counterclaims in the record before it, even assuming Defendant's allegations are true, any such counterclaims do not enter into the determination of whether removal is appropriate.  Consequently, there is no federal question basis for removal.

There is also no basis for diversity jurisdiction in this case.  Diversity jurisdiction requires that Plaintiff and Defendant be of different citizenship and that the amount in controversy exceed $75,000.  28 U.S.C. § 1332.  The caption of Plaintiff's complaint indicates that the amount demanded is "under $10,000."  (UD Compl. 1.)  The complaint further states that the judgment sought is $600, "in addition to damages for the use and occupancy of the subject premises." (*Id.* at 3.)  Thus, the Court can find no basis to support Defendant's allegation that "Plaintiffs do not quantify the amount of damages they seek to recover in this case" and that "it is apparent that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs." //

1 (Notice of Removal 3.)  Because at least one of the two requirements for diversity jurisdiction is
2 not met, there is no diversity jurisdiction basis for removal.[2]
3          Defendant fails to establish that this Court has subject matter jurisdiction over the matter.
4 Thus, this matter is **REMANDED** to the Superior Court of California for the County of San
5 Diego.  Defendant's pending motion for leave to proceed in forma pauperis (ECF No. 2) and
6 Plaintiff's ex parte motion to shorten time (ECF No. 4) are **DENIED AS MOOT**.  The Clerk shall
7 close the file.
8          **IT IS SO ORDERED**.

10 DATED: December 19, 2011

11                                         _____
                                           Honorable Janis L. Sammartino
12                                         United States District Judge

---

28   [2]Further, Plaintiff states in its ex parte application to shorten time that it is a California corporation, which, if true, would defeat diversity of citizenship as well. (App. to Shorten Time 3, ECF No. 4.)